UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE HU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-05990-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 45 |

Before the Court is Plaintiff Sophie Hu's motion for appointment of counsel, Dkt. No. 45. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

## I. BACKGROUND

Plaintiff filed her original complaint against Defendants in this Court in August 2021. Dkt. No. 1. She filed an amended complaint later that month. Dkt. No. 8. In December 2021, her case was transferred to the Eastern District of Louisiana for inclusion in coordinated proceedings there. Dkt. No. 39. The Judicial Panel on Multidistrict Litigation remanded the case back to this Court in January 2024. Dkt. No. 40. Plaintiff filed a motion for appointment of counsel in February 2024. *See* Dkt. No. 45 ("Mot.") at 4–5.

Plaintiff's amended complaint alleges that her mother, Fumian Zhao, experienced a cerebellar hemorrhage due to her use of the medication Xarelto, causing her extreme pain and suffering and leaving her incapacitated. *See* Dkt. No. 8 ("FAC") ¶¶ 6–11. Plaintiff brings various product liability claims against Defendants as the makers of Xarelto, most of which appear based on a failure-to-warn theory of liability. *See id.* ¶¶ 12–17. She seeks compensation for the "injuries, severe incapacities, pain and suffering and trauma caused by [the] drug, and to

1  compensate injury, pain, loss, and suffering to [her] entire family." *Id.* ¶ 18.  Despite Plaintiff's
2  sustained efforts over several years to find representation, she has appeared *pro se* throughout the
3  litigation.  *See* Dkt. No. 65 at 2.

## II. DISCUSSION

"The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in 'exceptional circumstances,' the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved." *Brown v. Cnty. of Del Norte*, No. 16-CV-07235-RMI, 2018 WL 11364271, at *1 (N.D. Cal. Feb. 13, 2018) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).[1]

The Court finds in its discretion that no exceptional circumstances warrant appointment of counsel.  Plaintiff lacks the ability to prosecute her claims in this case *pro se* not because the legal issues involved are complex, but because she may not bring her viable claims, all of which she asserts on her mother's behalf, without representation as a matter of law.  *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).[2]  Despite what she describes as her best efforts, Plaintiff has not been able to find counsel to take her case, and she remains unrepresented.  *See* Mot. at 3–4.  Accordingly, because she lacks standing, her likelihood of success on the merits at this time is essentially zero. Moreover, the Court understands that Plaintiff has spoken to the Federal Pro Bono Project about her potential eligibility for pro bono counsel, but the Project similarly has been unable to identify counsel willing to represent her.  Under these circumstances, it would be inappropriate for the Court to effectively force an unwilling attorney to represent Plaintiff.  *See* Mot. at 3 (representing

---

[1] Section 1915(e) grants courts the discretion to request an attorney to represent a person "unable to afford counsel." 28 U.S.C. § 1915(e).  Plaintiff has never submitted a request to this Court to proceed *in forma pauperis*, but for purposes of this order, the Court will assume Plaintiff meets the statute's indigency requirement, as that would seem to be the only possible basis for her motion.

[2] The Eastern District similarly denied the motion for appointment of counsel that Plaintiff filed in the MDL, finding that her case did not present legal complexities "more severe than those experienced by a typical *pro se* litigant." *See* Case No. 2:14-md-02592, Doc. 18052, 4 (E.D. La. Apr. 4, 2022).

that attorneys Plaintiff consulted, including Xarelto MDL counsel, told her that it would "be irresponsible for any knowledgeable attorney to take a new Xarelto case" and said they were "not aware of any counsel currently taking new Xarelto claims").

### III. CONCLUSION

The Court **DENIES** Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED.**

Dated:  9/11/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3