UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE HU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-05990-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 63 |

Before the Court is Defendant Bayer HealthCare Pharmaceuticals, Inc., and Defendant Janssen Pharmaceuticals, Inc.'s motion to dismiss Plaintiff Sophie Hu's loss of consortium claim, Dkt. No. 63. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion and dismisses Plaintiff's loss of consortium claim with prejudice. The Court dismisses Plaintiff's remaining claims without prejudice.

**I.  BACKGROUND**

Plaintiff filed her original complaint against Defendants in this Court in August 2021. Dkt. No. 1. She filed an amended complaint later that month. Dkt. No. 8. In December 2021, her case was transferred to the Eastern District of Louisiana for inclusion in coordinated proceedings there. Dkt. No. 39. The Judicial Panel on Multidistrict Litigation remanded the case back to this Court in January 2024. Dkt. No. 40. Plaintiff filed a motion for appointment of counsel in February 2024. *See* Dkt. No. 45 ("Mot.") at 4–5.

Plaintiff's amended complaint alleges that her mother, Fumian Zhao, experienced a cerebellar hemorrhage due to her use of the medication Xarelto, causing her extreme pain and suffering and leaving her incapacitated. *See* Dkt. No. 8 ("FAC") ¶¶ 6–11. Plaintiff brings various

product liability claims against Defendants as the makers of Xarelto, most of which appear based on a failure-to-warn theory of liability. *See id.* ¶¶ 12–17. She seeks compensation for the "injuries, severe incapacities, pain and suffering and trauma caused by [the] drug, and to compensate injury, pain, loss, and suffering to [her] entire family." *Id.* ¶ 18. Despite Plaintiff's sustained efforts over several years to find representation, she has appeared *pro se* throughout the litigation. *See* Dkt. No. 65 at 2.

Defendants move to dismiss Plaintiff's "claim for parental loss of consortium, and to stay for 90 days the remaining claims, asserted by Ms. Hu purportedly on behalf of Ms. Zhao, to allow for Plaintiff to obtain counsel." *See* Dkt. No. 63 ("Mot.") at 1.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.  DISCUSSION

Defendants argue that Plaintiff's claim for loss of consortium on her own behalf due to her

mother's incapacitation is barred under California law.  Mot. at 13.  They are correct:  California law does not recognize a nonstatutory cause of action for loss of parental consortium.  *See Borer v. Am. Airlines, Inc.*, 19 Cal. 3d 441, 444 (1977).  As such, the Court must dismiss without leave to amend Plaintiff's loss of consortium claim to compensate her for any loss she suffered due to her mother's injuries.

Defendants further argue that Plaintiff lacks standing to bring any of her remaining claims because she asserts them all on her mother's behalf, and therefore cannot prosecute them *pro se*.  *See* Mot. at 4.  Plaintiff notes that she has been appointed her mother's conservator, *see* Dkt. No. 65 at 3, but conservators lack authority to prosecute civil claims on a conservatee's behalf entirely, even with counsel.  *Kagy v. Napa State Hosp.*, 28 Cal. App. 4th 1, 6.  In contrast, a guardian ad litem is authorized to direct litigation and settle claims on their ward's behalf.  *U.S. v. 30.64 Acres of Land* 795 F.2d 796, 805 (9th Cir. 1986).  Plaintiff does not profess to have been appointed guardian ad litem for her mother, but to provide guidance the Court will address whether such an appointment would allow her to litigate her remaining claims, all of which the Court finds are alleged on her mother's behalf.

The Court agrees with Defendants that even acting as guardian ad litem, Plaintiff cannot bring claims on behalf of her mother or anyone else without counsel.  Federal law allows parties to "plead and conduct *their own cases personally* or by counsel."  *See* 28 U.S.C. § 1654 (emphasis added).  The Ninth Circuit has interpreted this rule to mean that "a non-attorney may appear in propria persona in his own behalf," but "that privilege is personal to him," and "[h]e has no authority to appear as an attorney for others than himself."  *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  Accordingly, the Court has held that a parent appointed guardian ad litem of their minor child cannot bring a *pro se* lawsuit on the child's behalf.  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  For the same reason, the Court finds that federal law does not allow Plaintiff to bring claims on her mother's behalf without counsel, even when acting as guardian ad litem.  *See Schmitz v. Asman*, No. 2:20-CV-00195-DJC-CKD (PS), 2024 WL 2874593, at *2 (E.D. Cal. June 7, 2024), *vacated on other grounds* (applying *Johns* to

3

hold that "a non-attorney guardian ad litem must have counsel in order to litigate a case").[1]

Finally, Defendants suggest that the Court stay the case for 90 days to allow Plaintiff to obtain counsel. But Plaintiff has already made substantial efforts over the past several years to find counsel to represent her, without success. *See* Dkt. No. 65 at 2. As such, the Court has no reason to believe that Plaintiff would be any more likely to successfully obtain counsel during such a short stay. The Court therefore dismisses the remaining claims Plaintiff brings on behalf of her mother (or others) without prejudice, meaning that Plaintiff may refile these claims if she is able to obtain representation.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss. The Court dismisses Plaintiff's loss of consortium claim with prejudice and dismisses her remaining claims without prejudice. Because no other claims remain in Plaintiff's action, the Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:   9/11/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] It is unclear whether Plaintiff brings claims on behalf of any family members other than her mother in seeking compensation for "injury, pain, loss, and suffering to [her] entire family." *See* FAC ¶ 18. For example, Plaintiff has stated that she seeks "justice…on behalf of" her father. *See* Dkt. No. 45 at 4. While Plaintiff's father may have standing to bring a loss of consortium claim as Ms. Zhao's spouse or domestic partner, *see Vanhooser v. Superior Ct.*, 206 Cal. App. 4th 921, 927 (2012), Plaintiff still lacks standing to bring such a claim on her father's behalf without counsel.

4